Appellant's petition for rehearing is denied but with this additional comment.
In the opinion there is a statement that appellant was attorney for the guardian of the Palm children. That is true with the qualification that when the guardian's final account was settled appellant did not appear as his attorney. The guardian then had other counsel.
The guardian did assert that appellant, as special administrator, had paid him the sum of $861.82. The fact remains that the guardian was not charged with that sum. There is no showing that the wards ever received the benefit of it. In fact, there are circumstances suggesting that they did not and that appellant cannot escape much responsibility for the miscarriage, whatever it was. In the guardianship proceeding, the record indicates that his charge for services rendered was $700. The probate court reduced that charge to $100 because of what was considered inexcusably erroneous advice given by appellant to the guardian.
Our opinion is not to be considered as indicating a belief that appellant did not make the payment in question. It is to be taken simply as a holding that the adverse finding below denying him credit therefor is sustained. There is no showing that the payment was authorized. The record is strong with implication that to credit appellant for the item now would be to charge the Palm children, who were wards of the guardian, with money which they never received and all benefit whereof was denied them by conduct of the guardian and appellant, for which the latter may have been largely responsible. *Page 87